**FIDELITY TRUST CO. v. COLONIAL TRUST CO.**

**Civ. No. 5211.**

District Court, W. D. Pennsylvania.

Jan. 23, 1948.

Mahlon E. Lewis, of Pittsburgh, Pa., for plaintiff.

C. Roscoe Hoffman, and Richard W. Ahlers, both of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

On November 2, 1945, the plaintiff filed its complaint and subsequently two amendments thereof. The defendant has moved to dismiss the complaint and its amendments on the ground that no relief thereunder can legally be granted.

The allegations of the complaint and amendments, are substantially as follows:

On or about September 21, 1931, The Bank of Pittsburgh National Association became insolvent within the meaning of that term as used in the National Bank

Act, as amended, 12 U.S.C.A. § 21 et seq., and, by virtue of the authority vested by law in the Comptroller of the Currency of the United States of America, on the said date of September 21, 1931, he appointed C. O. Thomas as Receiver of said Bank to liquidate its assets. The said C. O. Thomas served in the said capacity of Receiver until March 31, 1933, when he resigned and Arthur R. Atwood was appointed as his successor. Arthur R. Atwood served as Receiver, as aforesaid, until August 17, 1935, and the Comptroller of the Currency appointed Avery J. Bradford as his successor as of August 17, 1935. On March 31, 1938, said Avery J. Bradford resigned as Receiver, as aforesaid, and on April 1, 1938, the Comptroller of the Currency appointed to succeed him, as Receiver of said Bank, Andrew B. Berger, who continued to act as such Receiver until December 4, 1941, when, all the proven claims against the said bank having been paid in full, with interest, all the assets of said bank were transferred to The Colonial Trust Company, of Pittsburgh, Pennsylvania, which had been elected agent for the shareholders of the said bank at a meeting duly called and held on February 25, 1941, in accordance with the provisions of Section 197 of Title 12 U.S.C.A. The Colonial Trust Company is now duly qualified and acting as agent for said shareholders.

The plaintiff, Fidelity Trust Company, Pittsburgh, Pennsylvania, a Pennsylvania, corporation, is trustee under the Will of John A. Harper, deceased, who died December 28, 1920, leaving a Last Will and Testament, probated January 3, 1921, and recorded in the Office of the Register of Wills in and for Allegheny County, Pennsylvania, in Will Book Volume 165, Page 541.

The Fidelity Trust Company filed its account in the Office of the Clerk of the Orphans' Court of Allegheny County, Pennsylvania, at No. 205 January Term, 1932, which said account was called for audit by the Orphans' Court of Allegheny County, Pennsylvania, on January 20, 1932.

At the audit of said account, the claim of C. O. Thomas, Receiver of The Bank of Pittsburgh National Association was presented for payment in the amount of $34,650, with interest from November 21, 1931, based on an assessment of $50 a share on 693 shares of the stock of The Bank of Pittsburgh National Association, held by the said estate. The audit hearing was adjourned pending the report of a trustee ad litem for all parties interested in said estate, except those who were in being and of full age, to be appointed by the Court.

On May 16, 1932, the audit hearing was resumed, no trustee ad litem having been appointed for the purpose of adjusting the claim of the Receiver of The Bank of Pittsburgh National Association.

At this time the assets of the John A. Harper Estate, according to the account of the Fidelity Trust Company, Trustee, of May 16, 1932, consisted of stocks, bonds, mortgages and cash, including 693 shares of the stock of the Bank of Pittsburgh National Association, having a then market value of $32,759.12.

At the hearing held on May 16, 1932, the Receiver of The Bank of Pittsburgh National Association agreed to accept the securities in the estate, other than the 693 shares of The Bank of Pittsburgh stock, in satisfaction of his claim of $34,650, and interest to date of $1,004.85, totaling $35,654.85, subject to a 2% commission on the corpus of the original account filed, amounting to $2,598.54.

On May 24, 1932, a Decree was entered in the said John A. Harper Estate at No. 205 January Term, 1932, confirming the Trustee's account and directing that the balance of the funds be distributed in accordance with a schedule of distribution.

In pursuance of said agreement of settlement and the Court Decree, the Fidelity Trust Company, Trustee, on July 8, 1932, delivered to C. O. Thomas, Receiver as aforesaid, the securities listed in said Court Decree, of the market value as of May 16, 1932, of $30,159.58, "in full settlement of the stock assessment liability of the Estate of John A. Harper, Deceased, as owner of 693 shares stock at $50 per share—$34,650.00."

The Comptroller of the Currency by letter addressed to Arthur R. Atwood, then acting Receiver of The Bank of Pittsburgh National Association, dated January 7,

1935, authorized said Receiver to petition the Court for an Order permitting said Receiver to accept the securities delivered to him in trust, in full settlement of the stock assessment liability of the John A. Harper Estate.

In pursuance of said authority, the said Receiver petitioned the District Court of the United States for the Western District of Pennsylvania at No. 2589, In Equity, to accept the assets of the said John A. Harper Estate distributed to him as such Receiver under Decree of the Orphans' Court of Allegheny County, Pennsylvania, at No. 205 January Term, 1932. At this time an Order was made by the Court on February 13, 1935 (two years and nine months after the Decree of the Orphans' Court) authorizing and directing Arthur R. Atwood, as Receiver of The Bank of Pittsburgh National Association, "To accept from the Fidelity Trust Company of Pittsburgh the assets of the Estate of John A. Harper as delivered to the Receiver of The Bank of Pittsburgh National Association, Pittsburgh, Pennsylvania, by the Fidelity Trust Company of Pittsburgh, Pa., in accordance with the decree of the Orphans' Court in and for Allegheny County, Penna. at No. 205 January Term, 1932."

The Fidelity Trust Company, Trustee under the Will of John A. Harper, deceased, is now the record owner of 693 shares of the capital stock of The Bank of Pittsburgh National Association, under Decree of the Orphans' Court of Allegheny County, Pennsylvania, at No. 205 January Term, 1932, of said Court.

As of the commencement of this action three liquidating distributions had been made to the shareholders of The Bank of Pittsburgh National Association by the defendant above named as agent as follows: February 20, 1943, $3.24 per share, February 21, 1944, $3 per share and March 3, 1945, $6 per share.

No payment or distribution has been made by the defendant to the plaintiff as owner of 693 shares of said stock, except $292.56 on account thereof, and although a demand has been made by plaintiff upon the defendant for the balance of said distribution, payment thereof has been refused.

As the court views the issues raised by the motions to dismiss they are to be determined by the date upon which the Receiver of The Bank of Pittsburgh National Association took title to the securities of the Estate of John A. Harper, deceased, under the Federal law. If May 24, 1932, the date of the Decree in the Orphans' Court, or 10 days thereafter allowed for exceptions, be taken as such date of title the motion of the defendant to dismiss the action is well founded. If the Receiver then had the right to make an agreement by which he released the Harper Estate from liability on an undisputed debt of $34,650 upon delivery to him of securities of an admitted net value of but $30,159.58, common sense leads to the proposition that he took title to the securities delivered to him and could handle them as he desired. He took over all the assets of the Harper Estate and that estate lost all title to those assets. If the securities decreased in value he had no remedy, but if the reverse occurred he was the beneficiary, not the Harper Estate. To hold otherwise would be to adopt a "heads-I-win-tails-you-lose" policy on behalf of the Estate.

If the Receiver took title on May 24, 1932, the plaintiff, on behalf of the Harper Estate had paid only 85% of the assessment debt, and the distribution to the shareholders of The Bank of Pittsburgh National Association, was correct. The actual and legal date of the transfer of title to the Receiver however, was not May 24, 1932, but was on January 13, 1935. On January 7, 1935, the Comptroller of the Currency, pursuant to a request therefor in December, 1934, made by the then Receiver, approved the transfer of the securities and directed that application be made to the court for approval of the compromise. On January 13, 1935, counsel for Arthur R. Atwood, then Receiver, filed in this court a "Petition for Leave to Compromise and Settle Assets" and on the same day the court authorized the Receiver to accept from the Fidelity Trust Company of Pittsburgh, the assets of the Estate of John A. Harper as described in the decree of the Orphans' Court of Allegheny County at No. 205 January Term, 1932. This procedure was as directed by the Act

of February 25, 1930, Title 12, § 67, U.S. C.A., which follows: "Any receiver of a national banking association is authorized, with the approval of the Comptroller of the Currency and upon the order of a court of record of competent jurisdiction, to compromise, either before or after judgment, the individual liability of any shareholder of such association."

Until the statute had been obeyed the Receiver was without authority to compromise the assessment against the Estate of John A. Harper, and anybody dealing with him was chargeable with notice of that fact. True, the Receiver had possession of the securities, but until approval of the Comptroller and of the court had been obtained he was only holding them in trust for the Estate of John A. Harper, and that Estate had the right to any increase in value which had accrued to the securities since the delivery to the Receiver. Just what the value was on January 13, 1935, does not appear, but the increase claimed in the complaint and its amendments justifies a belief that it was approximately the amount of the assessment and considerably greater than the amount credited to the Harper Estate upon the defendant's distribution. Defendant's error in the distribution was in valuing the assets as of the date May 24, 1932, instead of January 13, 1935.

The motions to dismiss the complaint and the amendments thereto will be denied.